UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CALVIN LEE REDD** | **CIVIL ACTION NO. 16-1200-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Calvin Lee Redd ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 19, 2016. Plaintiff is incarcerated in the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names the State of Louisiana, James LeBlanc, Deborah Cody, and Jerry W. Goodwin as defendants.

Plaintiff claims that he was released from prison on July 13, 2013, after serving a ten-year sentence for a conviction of carnal knowledge of a juvenile. He claims that after serving eight years of his sentence, he was eligible to participate in a work release program because his conviction was for a non-violent offense. Plaintiff claims the State of Louisiana failed to place him in a work release program even though he had to pay registration and annual fees as a convicted sex offender and maintain a place of residence. He claims the State of

Louisiana released him into society without any support.

Plaintiff claims the State of Louisiana issued a warrant for his arrest because he failed to register as a sex offender and pay the annual fee. He claims that on July 12, 2015, he was sentenced to two additional years of incarceration and at that time he was eligible to participate in a work release program.

Plaintiff claims Secretary James LeBlanc should have screened his record and ordered him transferred to a work release program. He claims he will be released from incarceration in February of 2017, and no one has acted on transferring his to a work release program. Plaintiff claims Classification Officer Deborah Cody has done nothing to prepare for his release.

Plaintiff claims that upon his arrival at David Wade Correctional Center on January 18, 2016, Warden Goodwin had a policy of placing all new arrivals in the block for up to three months without any disciplinary write-ups. He claims this policy violated his due process rights.

Plaintiff claims he will be homeless when he is released in February of 2017 and unable to pay his fees. Accordingly, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Work Release Participation**

Plaintiff implies that he has a Constitutional right to participate in either a work-release or re-entry program, presumably pursuant to the due process clause of the Fourteenth Amendment. Plaintiff has neither a liberty nor property interest in a work release

program and therefore his due process claims are frivolous.

In Welch v. Thompson, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the Louisiana Department of Correction's (LDOC's) work-release program, entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." Id. at 644.

To the extent Plaintiff implies he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of entitlement to it." Id. (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." Id. at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit ..." Evans v. City of Dallas, 861 F.2d 846, 848 (5th Cir.1988). Plaintiff claims no rules or understandings which entitle him to participate in the work release program. Furthermore, the Fifth Circuit has also held that prisoners have no property interest in work-release

Page 3 of 7

employment. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir.1995).

Plaintiff is not entitled to participate in any particular work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

Plaintiff also mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs such as a re–entry program. Inmates do not a have a protected property or liberty interest in rehabilitation programs. Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir.1989); Moody v. Baker, 857 F.2d 256, 257–58 (5th Cir.1988). The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988). Nor do prisoners have a constitutional right to "social services." Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991).

Accordingly, Plaintiff's claims regarding work release programs and re-entry programs are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Classification**

Plaintiff complains that upon his arrival at DWCC, he was placed in the block for three months. This is not a claim that this court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-

ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claims regarding his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766

F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of September 2016.

Mark L. Hornsby
U.S. Magistrate Judge